(Reap. Dec. 9857)

INTER MARITIME FWDG. CO., INC., ET AL. v. UNITED STATES

Entry No. 798622, etc.

(Decided November 29, 1960)

*Siegel, Mandell & Davidson* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

FORD, Judge: The appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, that the merchandise and the issues in the Appeals to Reappraisement listed in the Schedule attached hereto and made a part hereof are the same in all material respects as the merchandise and the issues decided in the case of *Paramount Import Co., Inc. et al.* v. *United States*, Reap. Dec. 9697, and that the record in said case be incorporated and made a part of the record herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise covered by the Appeals to Reappraisements enumerated herein, less the additions made by the importer on entry because of advances by the Appraiser in similar cases, is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States including the cost of all containers and coverings of whatever nature and all

other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and that there was no higher foreign value for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that the cases may be submitted on the foregoing stipulation.

Accepting this stipulation as a statement of fact, I find and hold the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise covered by the appeals listed in schedule "A," attached hereto and made a part hereof, and that said value is the appraised values of the merchandise, less the additions made by the importer on entry.

Judgment will be rendered accordingly.